

UNITED STATES DISTRICT COURT
NORTHER DISTRICT OF ILLINOIS
EASTERN DIVISION



| | |
|---|---|
| ROGER FAIRLEY and RICHARD GACKOWSKI, <br><br> Plaintiffs, <br><br> vs. <br><br> SUPT. DENNIS ANDREWS; LT. EDWARD BYRNE; SGT. PATRICK LOIZON; OFC. EVAN FERMAINT; OFC. NOBERTO BERCASIO; OFC. FRED COFFEY; OFC. RONALD PROHASKA; INVESTIGATOR GREGORY ERNST; FORMER CHIEF INVESTIGATOR, SAUL WEINSTEIN; CHIEF INVESTIGATOR, TIM KAUFMAN; OFC. GABRIEL OCHOA; CHIEF INVESTIGATOR, JUAN DIAZ, in their individual capacities; SHERIFF MICHAEL SHEAHAN, in his official capacity; and COOK COUNTY, <br><br> Defendants. | Case No.: 03-CV-5207 <br><br> Defendants' Motion to Reconsider the Court's Order Imposing Sanctions <br><br> Judge Ruben Castillo |

On May 3, 2005 this Court granted Plaintiffs' Motion to Compel, ordering that "the depositions of defendants Fermaint and Bercasio are to take place before the Field[s] trial begins." Officers Fermaint and Bercasio have complied with this Court's Order, having given their depositions on May 10 and May 12, respectively – in advance of the trial of *Fields v. Velasquez*.

The Order of May 3 also granted Plaintiffs' Motion for Sanctions[1]. It is this portion of the Order that is the subject of the instant Motion to Reconsider.

---

[1] Plaintiffs' Counsel subsequently sent a letter to Counsel for Officer Fermaint and Bercasio requesting payment of $3,876.20, representing that sum to be for "attorneys' fees and costs incurred in connection with bringing the motion to compel." (A true and correct copy of the letter is attached hereto as Exhibit 1).

1

## I. Plaintiffs Are Not Entitled to Expenses Under the Federal Rules

Federal Rule of Civil Procedure 37(a)(2)(B) requires every Motion to Compel to "include a certification that the movant has in good faith conferred or attempted to confer with the [non-movant] . . . in an effort to secure the information or material without court action." Fed. R. Civ. P. 37(a)(2)(B).

Plaintiffs' motion to compel failed to include either the certification required by the Federal Rules of Civil Procedure or the statement of consultation required by Local Rule 37.2. There was no certification or statement of consultation because Plaintiffs made no attempt to confer with Defendants. Moreover, the section of the Rule cited by Plaintiffs' Counsel as authority for the imposition of sanctions explicitly provides that Plaintiffs are *not* entitled to payment of fees and costs where the moving party has not first made a good faith effort to obtain the discovery or disclosure without court action:

> 4) *Expenses and Sanctions.*
> (A) If the motion is granted or if the disclosure or requested discovery is provided after the motion was filed, the court shall, after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees, ***unless the court finds that the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action***, or that the opposing party's nondisclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(4) (emphasis added).

2

Sanctions should not have been imposed in the absence of the certification required by the Federal Rules of Civil Procedures; the Local Rules; and this Court's Case Management procedures. See e.g. *Jenkins v. Toyota*, 106 F.R.D. 185 (W.D.N.Y. 1984) (denying the movant's request for payment of attorneys' fees and costs as movant failed to even attempt to resolve the discovery dispute before bringing the motion to compel before the court).

## II. Counsel for Defendants Did Not Act in Bad Faith

The attorneys for Defendants Fermaint and Bercasio also represent defendants Andrews, Loizon, Coffey, Ochoa and Prohaska in this matter. Prior to Plaintiffs filing their May 3 Motion to Compel, five of the seven represented defendants had been produced for their depositions, and none had been the subject of a Court Order or a Motion to Compel. The sixth deposition, of Defendant Fermaint, was scheduled to take place on April 28, 2005 and the seventh deposition, of Defendant Bercasio, was scheduled to take place on May 6, 2005. However, those depositions were cancelled after deliberation and consultation with counsel representing Fermaint and Bercasio in the case of *Fields v. Valesquez*, which was scheduled to go to trial on May 16[2]; and after meeting with Officer Fermaint the day prior to his scheduled deposition. Sixteen alternative dates were offered for the depositions – each prior to the discovery cut-off.

Neither the deposition of Officer Fermaint, nor the deposition of Officer Bercasio was the subject of any court order (in fact, Plaintiffs' Counsel had not even sent a Notice of Deposition for either Fermaint or Bercasio). Furthermore, both Fermaint and

---

[2] The trial did, in fact, commence on May 16.

3

Bercasio have now been produced for their deposition. Plaintiffs cannot demonstrate any prejudice by the failure of the depositions to proceed on the dates they were seeking pursuant to agreement.

### III. Plaintiffs' Fees Are Unreasonable

In the event that this Court upholds the granting of expenses, Defendants request that the Court lowers Plaintiffs' fees and costs as follows:

#### A. Attorneys' Fees Are Too High

Plaintiffs' motion is slightly over four pages in length and cites no case law. The letter "invoice" represents that a total of 9.7 hours divided between two partners at Gessler Hughes Socol Piers Resnick & Dym were required to draft, revise and present the motion. Defendants are unable to determine how much time was spent on drafting the motion as Plaintiffs engage in block billing. However, regardless the amount of time spent, it seems outrageous that a partner in a law firm cannot draft a four page motion, especially one without any reference to case law, without revisions from another partner. Consequently, Defendants request that the Court strike any time spent making revisions by Mr. Piers.

Along those same lines, both Mr. Piers and Mr. Behar bill for their preparation and attendance at the hearing. Mr. Behar never addressed the Court during oral argument. Neither Mr. Behar's presence nor his preparation was necessary. As a result, Mr. Behar's time in regard to the above should be stricken.

Additionally, Mr. Behar and Ms. Standefer (presumably an administrative assistant) have both billed for "locating, collecting and preparing" the exhibits to the Motion. A partner should be able to entrust this task to an administrative assistant.

4

Defendants request that Mr. Behar's time spent reviewing and collecting exhibits be stricken.

Last, Defendants request that Plaintiffs submit to the Court bills of other clients showing the hourly rates charged by Plaintiffs' attorneys and staff to make sure they are consistent with the rates being charged here.

### B. Costs Are Unreasonable

Plaintiffs should not be allowed to charge for costs incurred in the normal course of their business, specifically photocopies and faxes. Even if the Court were to allow these costs, they are unreasonably high. Plaintiffs charge twenty cents a page for copies. Defendants request that the Court lower the cost to ten cents a page. Additionally, Plaintiffs are seeking to charge $175.00 for faxing the motion to all defendants. The charge is unreasonable on its face and should be disallowed.

### Conclusion

Pursuant to the Federal Rules of Procedure, Plaintiffs cannot be awarded expenses for bringing their motion to compel without first having conferred with defense counsel. They did not do so here.

WHEREFORE, Defendants respectfully request that this Court enter an order:

A. Granting Defendants' Motion for Reconsideration and denying Plaintiffs' Motion for Sanctions;

B. IN THE ALTERNATIVE, request that the Court reduce the fees and costs charged by Plaintiffs in bringing the motion to compel.

Respectfully submitted,

ALASTAR S. MCGRATH

Special State's Attorney

*/s/ Alastar S. McGrath*

Alastar S. McGrath

Illinois ARDC No. 6228686
Daniel P. Duffy
Duffy & Mundo, P.C.
208 West Washington, Suite 512
Chicago, Illinois 60606
T: (312) 782-7150
F: (312) 896-9318

Illinois ARDC No. 6270249
Alastar S. McGrath
Law Offices of Alastar S. McGrath, P.C.
227 W. Monroe, Suite 2000
Chicago, Illinois 60606
T: (312) 907-0653
F: (312) 896-9318

6



| | | | |
|---|---|---|---|
| José J. Behar | Kimberley Marsh | Mark B. Weiner | Alex Montgomery |
| Mark S. Dym | Terence J. Moran | | Fazila Vaid |
| George W. Gessler | Donald G. Peterson | Natalie A. Bautista | |
| John K. Hughes* | Matthew J. Piers | Juliet Berger-White | Gary N. Chodorow |
| Bernice Jacobs | Kalman D. Resnick | Samir Z. Chowhan | Susan Dawn |
| Richard F. Johnson** | Frederick S. Rhine | Cathy Higgins-Mora | Ronald Panter |
| Joshua Karsh | Mary M. Rowland | Anthony S. Hui | of counsel |
| Peter M. Katsaros | Donna Kaner Socol | Allison G. Margolies | *also admitted in Wisconsin |
| Barry Locke | J. Eric VanderArend | Peter C. McLeod | **also admitted in Indiana |

**Attorneys at Law**

May 5, 2005

**VIA FACSIMILE AND
FIRST CLASS MAIL**

Daniel P. Duffy  
Duffy & Mundo, P.C.  
208 W. Washington St.  
Suite 512  
Chicago, IL 60606

Alastar S. McGrath  
Law Offices of Alastar S. McGrath  
227 W. Monroe St.  
Suite 2000  
Chicago, IL 60606

Re: *Fairley and Gackowski v. Andrews, et al.*  
Case No. 03 C 5207

Counsel:

Pursuant to the Court's order on May 3, 2005, granting Plaintiffs' Motion to Compel Depositions of Defendants Fermaint and Bercasio and For Sanctions, I write to request payment of attorneys' fees and costs incurred in connection with bringing the motion to compel.

Plaintiffs have incurred fees and costs in the total amount of $3,876.20 in bringing the motion, as follows:

<u>Matthew J. Piers</u>  
revise draft motion, review defendants' response; prepare for hearing;  
present motion to Court ............................................. 2.9 hours @ 390.00/hr.

<u>José J. Behar</u>  
draft and revise motion; review and collect exhibits; review defendants'  
response; prepare for presentation of motion; attend hearing ..... 6.8 hours @ 310.00/hr.

<u>Marci Standefer</u>  
locate and prepare exhibits to motion ........................ 1.0 hours @ 110.00/hr.

<u>Jill Groenenboom</u>  
locate factual information for inclusion in motion; file motion with the clerk's  
office and deliver courtesy copy to Judge Castillo's chambers .... 1.3 hours @ 110.00/hr.



Three First National Plaza    70 West Madison Street    Suite 4000    Chicago, IL 60602    tel: 312 580 0100

Daniel P. Duffy
Alastar S. McGrath
May 5, 2005
Page 2

Photocopying ............................................... 621 pages @.20/page

Faxing ..................................................... 350 pages @.50/page

Court Reporter Cancellation Fee ....................................... $85.00

Total .......................................................... $3,876.20

For your review, I have enclosed a copy of the court reporting service's invoice for the cancellation of Fermaint's deposition.

Please tender payment in the amount of $3,876.20 to Gessler Hughes Socol Piers Resnick & Dym, Ltd. by May 31, 2005.

Thank you.

Very truly yours,

José J. Behar

cc: All Defense Counsel

# BAKER, FENNELL & ASSOCIATES, INC.

P. O. BOX 0787
CHICAGO, ILLINOIS 60690
(312) 386-1225 * FAX (312) 386-1226

TAX ID NO. 36-3526427

Matthew J. Piers
Gessler, Hughes, Socol, Piers, Resnick & Dym, Ltd.
Three Bank One Plaza
70 West Madison Street
40th Floor
Chicago, IL 60602



| Invoice Date | |
|---|---|
| 4/28/2005 | 4/28/2005 |
| Invoice Number | |
| 3966 | Page 1 of 1 |

Please reference this number when remitting

| Date Taken | Reference | Charges |
|---|---|---|
| | RE: Fairley vs. Andrews    03 C 5207 / MN / 2672 | |
| 4/28/2005 | Dep. of: Evan Fermaint<br>Reporter: Maureen Nagle<br><br>Cancellation minimum | $85.00 |
| | Total | $85.00 |