IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROGER FAIRLEY and RICHARD GACKOWSKI,<br><br>              Plaintiffs,<br>     v.<br><br>SUPT. DENNIS ANDREWS, LT. EDWARD BYRNE, SGT. PATRICK LOIZON, OFC. EVAN FERMAINT OFC. NOBERTO BERCASIO, OFC. FRED COFFEY, OFC. RONALD PROHASKA, INVESTIGATOR GREGORY ERNST, FORMER CHIEF INVESTIGATOR SAUL WEINSTEIN, CHIEF INVESTIGATOR TIM KAUFMANN, OFC. GABRIEL OCHOA, CHIEF INVESTIGATOR JUAN DIAZ, in their individual and official capacities, SHERIFF MICHAEL SHEAHAN, in his official capacity, and COOK COUNTY,<br><br>              Defendants. | No. 03 C 5207 |

## MEMORANDUM OPINION AND ORDER

AMY J. ST. EVE, District Court Judge:

      Plaintiffs Roger Fairley and Richard Gackowski filed a Second Amended Complaint alleging that Defendants violated their First Amendment rights to the United States Constitution. *See* 42 U.S.C. § 1983. On May 4, 2006, the Court granted in part and denied in part Defendants' motions for summary judgment concerning Plaintiffs' First Amendment retaliation and conspiracy claims. On May 18, 2006, Defendants Cook County Correctional Officers Evan Fermaint, Norberto Bercasio, and Fred Coffey filed a notice of appeal concerning the Court's denial of their qualified immunity defense. Before the Court is Plaintiffs' motion to certify as frivolous Defendants' qualified immunity appeal. For the reasons discussed below, the Court

denies Plaintiffs' motion.

## **LEGAL STANDARD**

Although a notice of appeal generally divests the district court of jurisdiction, a district court may retain jurisdiction over appellants if the court determines that an interlocutory appeal is frivolous. *See Apostol v. Gallion,* 870 F.3d 1335, 1339 (7th Cir. 1989); *see also Wisconsin Mut. Ins. Co. v. United States,* 441 F.3d 502, 504 (7th Cir. 2006) ("appeal taken from an interlocutory decision does not prevent the district court from finishing its work and rendering a final decision"). Several circuit courts follow this practice, which allows district courts to "retain jurisdiction pending summary disposition of the appeal, and thereby minimize[] disruption of the ongoing proceedings." *Behrens v. Pelletier,* 516 U.S. 299, 310-11, 116 S.Ct. 834, 133 L.Ed.2d 773 (1996) (citing *Apostol*, 870 F.3d at 1339). In general, if "a notice of appeal from an interlocutory order is a frivolous effort to block the normal progress of litigation the district judge may so certify and continue with the case." *Kusay v. United States,* 62 F.3d 192, 194 (7th Cir. 1995).

## **BACKGROUND**

This case was reassigned to the present Court after Judge Castillo recused himself pursuant to 28 U.S.C. §§144, 455. Prior to his recusal, Judge Castillo denied Defendants' motion to dismiss concerning their qualified immunity defense because Plaintiffs' right to free speech under the circumstances was clearly established. *See Fairley v. Andrews,* 300 F.Supp.2d 660, 668 (N.D. Ill. 2004). Specifically, the order states:

> Defendants assert that they are entitled to qualified immunity because their conduct did not violate a clearly established constitutional right. Defendants argue that Plaintiffs do not have a constitutional right to an investigation, to make a recorded statement, to sign a police report or to be free from peer-on-peer

> harassment. Yet Plaintiffs' complaint does not rely on any of these nebulous constitutional rights. Plaintiffs' complaint alleges that Defendants deprived them of their First Amendment right to free expression. This right was clearly established at all relevant times. *See, e.g., Connick v. Myers,* 461 U.S. 138, 142, 103 S.Ct. 1684, 75 L.Ed.2d 708 (1983). A reasonable person in Defendants' position would have known that retaliating and harassing someone because of something they said or wanted to say was unconstitutional. Defendants, therefore, are not entitled to qualified immunity.

*Id.* Because Judge Castillo's order was the law of the case, this Court did not reopen the qualified immunity issue, especially because Defendants failed to establish that Judge Castillo's ruling was "clearly erroneous" or "a manifest injustice." *See Moriarty v. Svec,* 429 F.3d 710, 722-23 (7th Cir. 2005).

Further, in denying Defendants' motion for summary judgment, the Court determined that there were genuine issues of material fact whether Defendants had violated Plaintiffs' First Amendment rights under the *Connick-Pickering* test. *See Ashman v. Barrows*, 438 F.3d 781, 784 (7th Cir. 2006). Specifically, the Court determined:

> Plaintiffs have set forth competent evidence establishing a genuine issue of material fact that they openly spoke out against the inmate abuse and excessive force at the Cook County Jail, especially concerning the SI-2 incident that resulted in the Fields Litigation, and that these Defendants were aware of this protected speech. Fairley testified that he told Fermaint and Bercasio to stop beating inmates during the SI-2 incident and that he told many of his fellow correctional officers about this incident. Plaintiffs also testified that they told other correctional officers they would not lie about the SI-2 incident.
>
> Evidence also exists that other correctional officers and supervisors were put on notice of Plaintiffs' protected speech and the SI-2 incident. For example, in April 2001, the Sheriff's Office sent a letter to Division I correctional officers about the Fields Litigation and Superintendent Andrews discussed this letter with the correctional officers who received it, including Fermaint and Byrne.
>
> ....
>
> As far as Gackowski's IAD [Internal Affairs Division] complaint, Gackowski told Superintendent Andrews that he might file a complaint with

3

Internal Affairs concerning the officers' harassment and told Lieutenant Byrne that he was going over Superintendent Andrews' head and would report the various officers' harassing conduct to Internal Affairs. Thereafter, Byrne told Gackowski that if he went to Internal Affairs, repercussions would follow. The record also reveals that other correctional officers knew of Gackowski's IAD compliant, especially because a Division I Chief spoke to everyone identified in Gackowski's IAD complaint that included Byrne, Fermaint, Bercasio, and Coffey.

....

Moreover, Fairley testified that after he witnessed Coffey hit two inmates in late 1998 or early 1999 and reported the incident to a sergeant, Coffey started calling him a snitch and threatening to beat him up. Gackowski testified that after he witnessed Coffey punch and kick inmate Rodney Brown and asked Coffey to stop, he later reported the incident to the supervising sergeant. After the Brown incident, Coffey told Gackowski that he was not part of the team and Fermaint started calling him a snitch. Further, Coffey, Fermaint, and Bercasio mocked Gackowski by calling him a "social worker," and Fermaint and Bercasio "dry-humped" both Gackowski and Fairley on several occasions after these incidents.

Construing this evidence and all reasonable inferences in a light most favorable to Plaintiffs – as the Court must do at this procedural posture – there is a genuine issue of material fact that Fermaint, Bercasio, Prohaska, Coffey, Byrne, and Andrews knew of Plaintiffs' constitutional activities – namely, their speech against inmate abuse and excessive force at the Cook County Jail – and thereafter either retaliated or harassed Plaintiffs.

*Fairley v. Andrews,* 430 F.Supp.2d 786, 797-98 (N.D. Ill. 2006).

## ANALYSIS

In assessing a qualified immunity claim, the court must conduct a two-step inquiry: "First the court must determine whether the disputed conduct, as alleged, violates a constitutional right; second, the court must determine whether that right was 'clearly established' at the time of the alleged conduct." *Borello v. Allison*, 446 F.3d 742, 746 (7th Cir. 2006) (citations and quotations omitted). Because qualified immunity is "immunity from suit rather than a mere defense to liability," circuit courts may review qualified immunity denials on interlocutory appeal.

4

*Mitchell v. Forsyth*, 472 U.S. 511, 526-27, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985)*; Board v. Farnham,* 394 F.3d 469, 478 (7th Cir. 2005). The Seventh Circuit's "jurisdiction over an appeal from a denial of a qualified immunity defense is limited: the defendant 'may not appeal a district court's summary judgment order insofar as that order determines whether or not the pretrial record sets forth a 'genuine' issue of material fact." *Borello,* 446 F.3d at 746-47 (quoting *Board v. Farnham*, 394 F.3d at 476) (inappropriate for appellate court to review district court's sufficiency of the evidence determination). Put another way, under the collateral order doctrine, a district court's denial of a qualified immunity defense is immediately appealable because it is a "final decision" under 28 U.S.C. § 1291 to the extent that the denial turns on legal rather than factual issues. *Wernsing v. Thompson*, 423 F.3d 732, 741 (7th Cir. 2005) (citing *Behrens,* 516 U.S. at 311).

Although the Court acknowledges that appellate review of Judge Castillo's qualified immunity determination and this Court's deference to this determination is a question of law and not fact, the Court notes that there are genuine issues of material fact as to whether Defendants violated Plaintiffs' First Amendment rights in the first instance. This aspect of the Court's summary judgment order is significant because whether Defendants violated Plaintiffs' First Amendment rights is the crucial, first step in a court's qualified immunity analysis. *See Borello*, 446 F.3d at 746 (citing *Saucier v. Katz,* 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001)).

More specifically, the Court determined that Fairley and Gackowski presented competent evidence establishing a genuine issue of material fact that they openly spoke out against the inmate abuse and excessive force at the Cook County Jail – especially regarding the SI-2

5

incident that resulted in state court litigation concerning allegations of inmate abuse – and that Defendants were aware of their protected speech. For instance, Fairley testified that he told Defendants Fermaint and Bercasio to stop beating inmates and that he also told many of his fellow correctional officers about the SI-2 incident. Also, both Plaintiffs testified that they told other correctional officers that they would not lie about the SI-2 incident.

Furthermore, there is evidence in the record that Defendants retaliated against Plaintiffs. Fairley, for instance, testified that after he witnessed Defendant Coffey hit two inmates and reported the incident to a sergeant, Coffey started calling Fairley a snitch and threatened to beat him up. Gackowski testified that after he witnessed Coffey punch and kick inmate Rodney Brown and asked Coffey to stop, Coffey told Gackowski that he was not part of the team and Fermaint started calling him a snitch. Further, Coffey, Fermaint, and Bercasio mocked Gackowski by calling him a "social worker." On several occasions after these incidents, Fermaint and Bercasio "dry-humped" both Plaintiffs, that is, they physically grabbed Plaintiffs and imitated anal intercourse.

Nevertheless, as the *Apostol* decision instructs, district courts must act with restraint when certifying the frivolity of an appeal. *See McMath v. City of Gary,* 976 F.2d 1026, 1030 (7th Cir. 1992). The Seventh Circuit cautions that a defendant's right to appeal a qualified immunity defense under *Forsyth* "would be eviscerated if district courts, cloaked with the authority of *Apostol,* could too easily certify even potentially meritorious appeals as frivolous." *Id.* Here, due to the complex nature of this matter, the Court cannot conclude that Defendants' *Forsyth* appeal is completely unfounded. *See id.* at 1030-31. Therefore, the Court denies Plaintiffs' motion.

## CONCLUSION

For these reasons, the Court denies Plaintiffs' motion to certify as frivolous Defendants' qualified immunity appeal.

Dated: September 1, 2006

                                          **ENTERED**

                                          _____
                                          **AMY J. ST. EVE**
                                          **United States District Judge**